

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00600-CV

**IN THE MATTER OF D.E.,** a Child

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-00058
Honorable Laura Parker, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 12, 2013

AFFIRMED

D.E., a juvenile, appeals the trial court's order modifying his disposition by placing him on probation outside the home.  We affirm.

### BACKGROUND

The State filed a petition charging D.E. engaged in delinquent conduct by possessing less than two ounces of marijuana in a drug free zone.  In February 2011, D.E. pled true to the charges pursuant to a plea agreement, and the State recommended probation.  The trial court accepted the plea, adjudicated D.E., and placed him on probation in the custody of his mother for a period of nine months.  The State subsequently filed four motions to modify the disposition, alleging D.E. violated conditions of his probation.  In each case, D.E. pled true to the allegation.

The trial court modified D.E.'s disposition in April 2011, June 2011, and February 2012 by extending the probation period and modifying the conditions.

The State filed its fourth motion to modify disposition in August 2012, when D.E. was sixteen, alleging D.E. violated the condition of his probation that required him to avoid possession or use of illegal drugs, paraphernalia, or alcoholic beverages. D.E. pled true to the alleged violation and the trial court found he had violated a reasonable condition of his probation. After a disposition hearing, the trial court modified the disposition to place D.E. on probation in the custody of the Chief Juvenile Probation Officer of Bexar County until his eighteenth birthday. D.E. appeals the trial court's disposition order, arguing the trial court abused its discretion by placing him outside his home.

### STANDARD OF REVIEW

The Texas Family Code provides that if the trial court modifies a disposition by placing the juvenile on probation outside the home, the court's order must include determinations that: (1) it is in the child's best interest to be placed outside the home; (2) reasonable efforts were made to prevent or eliminate the need to remove the child from home; and (3) the child cannot receive the quality of care and level of support and supervision in his home that is needed to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.05(m) (West Supp. 2012). The trial court's disposition order must also specifically state the reasons for its disposition. *Id.* § 54.05(i).

We review a trial court's order modifying juvenile probation under an abuse of discretion standard. *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004); *In re K.T.*, 107 S.W.3d 65, 74 (Tex. App.—San Antonio 2003, no pet.) (en banc). This standard requires that we afford almost total deference to the trial court's findings of fact that are supported by the record. *In re K.T.*, 107 S.W.3d at 74. On the other hand, when the trial court's resolution of a factual issue is not

dependent upon an evaluation of credibility or demeanor, "we review the trial court's determination of the applicable law, as well as its application of the appropriate law to the facts it has found, de novo." *Id.* at 75.

## DISCUSSION

D.E. pled true to the allegation that he violated his probation by using illegal drugs. The stipulated evidence showed D.E. was suspended from school in May 2012 because he was under the influence of Kush/K2 (synthetic marijuana) and had some in his possession. D.E. tested positive for K2 again in July 2012 when he reported to his probation officer.

The State recommended D.E. be removed from his home and placed on probation outside the home and offered the pre-disposition report into evidence. *See* TEX. FAM. CODE ANN. § 54.005(e) (at disposition hearing, court may consider written reports from probation officers, professional court employees, and consultants, as well as witness testimony). The report chronicles D.E.'s continued use and possession of marijuana and K2 after he was originally placed on probation in February 2011. The court previously extended D.E.'s in-home probation and ordered him to participate in the 386th District Court Post Adjudication Drug Court program. D.E. was terminated from that program in January 2012 because of his continued drug use. The court previously placed D.E. on a GPS monitor, ordered him to participate in a weekend detention program, and placed him in the Substance Abuse Intensive Supervision Program. Both D.E. and his mother participated in family counseling and other activities offered by the Palmer Drug Abuse Program. D.E. nevertheless continued to use illegal substances.

The report states that D.E. lives with his mother, stepfather, and toddler stepsister. His mother is very involved and is committed to seeing that D.E. gets the help he needs. However, D.E. leaves home without permission and has assaulted his mother twice. The report states that D.E. is intelligent and well-spoken, and can identify his problem behaviors and set realistic

goals. He also believes he can do as he pleases and that his family and probation officer will overlook and forgive his violations.

D.E. testified he wants his life back on track and he is trying very hard. He would like to go to school, get his grades up, and make his family proud. He believes he can do this if he continues living with his mother. D.E.'s father[1] testified D.E.'s problems started with the death of his grandmother several years earlier. He believes D.E. has stopped using drugs and is trying very hard to turn his life around. His father testified that he had introduced D.E. to God and gave D.E. a Bible to read. D.E.'s mother testified she believes D.E. truly wants to "be clean" and has tried very hard. However, she has reached the conclusion that D.E. will not get better if he is at home. She testified he is "out of control" and she cannot force him to stay clean.

At the conclusion of the disposition hearing, the trial court found D.E.'s continued drug use puts him in danger and it is in D.E.'s best interest to place him outside the home. The court ordered D.E. to continue intensive substance abuse counseling and frequent drug testing, and to attend school or GED classes. The court advised D.E. that if he truly intends to change and he actively participates in the program, he will be able to return home sooner. The trial court's disposition order also includes findings that reasonable efforts were made to prevent the need to remove D.E. from the home, that he cannot receive the quality of care and level of support and supervision he needs to meet the conditions of probation in his home, and that placing D.E. outside the home is appropriate because of D.E.'s continued drug use and his refusal to follow the rules of probation.

The evidence before the trial court at the disposition hearing supports the trial court's findings. D.E. was provided numerous opportunities for drug treatment and to successfully

---

[1] The pre-disposition report states that D.E.'s father has a long criminal history involving drugs, alcohol, and violence; that he had recently been released from prison; and that he had a pending charge of bringing a prohibited substance into a prison. He does not live in D.E.'s home.

complete probation while remaining at home. Nevertheless, he repeatedly violated his probation and continued his drug use. Although D.E. and his parents both want D.E. to succeed and believe he is trying, D.E.'s mother testified that she is unable to control him and does not believe he will stop using drugs if he remains in her home. Under these circumstances, we hold the trial court did not abuse its discretion in modifying D.E.'s disposition by placing him on probation outside the home, and we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice